```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

PATRICK ROAN,                    )
                                 )
          Plaintiff              )
                                 )         No. 3:17-1177
v.                               )         Chief Judge Crenshaw/Brown
                                 )
DEREK B. ENSMINGER; DEAN MASON,  )
                                 )
          Defendants             )
```

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Plaintiff's motion to dismiss (Docket Entry 6) be granted and this case be dismissed with prejudice for failure to state a cause of action.

## BACKGROUND

The Plaintiff filed a 35-page complaint and paid the filing fee on August 22, 2017. As an initial matter it is somewhat difficult to determine who the Plaintiff has suited. He has captioned the case as against D. Ensminger, Associate General Counsel, Sonic Restaurants Inc., 300 Johnny Bench Drive, Oklahoma City, OK 73104, however in paragraph 3 he lists Dean Mason in Ashland City, as the sole Defendant. He alleges that he was employed by Sonic Restaurants, Inc. (SRI) at Ashland City, Tennessee, and was discriminated against on or about September 22, 2015. He alleges that he filed a complaint with the Department of Tennessee Human Rights Commission and the Equal Employment Opportunity Commission (EEOC), charging the Defendant with acts of discrimination and received his right-to-sue letter from the EEOC

on May 24, 2017 (Docket Entry 1-1). He alleged that the discrimination was based on his race and sex. He also alleges a defamation of character and breach of contract. He alleged that the action of discrimination was:

> Mr. Dean Mason had the Ashland City Police Department all over me. It was his friend Johnny Hunter. Afer I was found not guilty I sat at home for 16 days waiting to talk to Human Resources for the first time. Then when I did, Mrs. Nancy didn't even know that Dean Mason had done all this. The only black American. Mrs. Nancy Welch never ever did a report from me. She just asked me to write a statement on how the story happened to me from Mr. Dean Mason. She did reply that she had "NO" clue that this happened or even going on. When Mr. Dean Mason found out that this deposit was missing on August 7, 2015, the video should have been pulled then. If I was in the wrong on anything, I should have been arrested and taken to jail.

Plaintiff requests damages in the amount of $20 million, as punitive damages, but does not otherwise claim any damages in paragraph 11. The Plaintiff attaches some 20 additional pages to his complaint, including a letter addressed to the Magistrate Judge noting that he did have lost wages. He gave some additional explanation that the Defendant Mason called Mr. Holder of the Ashland City Police Department to complain about a theft, which apparently he believed Mr. Mason held him responsible for. He stated that the police department found him not guilty of any theft by August 19, 2015, and that no charges were ever filed against him. He stayed at home at the direction of Human Resources for several days and that no one ever found who took the missing deposit. His letter goes on to explain that the entire incident

began when there was a $1,400 deposit from the restaurant missing on August 4, 2015.

The Plaintiff denied to all concerned that he had any responsibility for the missing deposit. He goes on to explain that on August 17, 2015, Mr. Mason and another individual tore his time card in two and told him that he was under investigation and that if he was not found at fault by then he would be given his job back (Docket Entry 1, pp. 6-15).[1]

The Plaintiff also attached to his complaint a notice of suspension pending an internal investigation (Docket Entry 1, p. 16). The suspension notice states,

- \* If found to be without fault, you will be reinstated with pay for lost time;

- \* If found to be partially at fault, you may be reinstated without pay for lost time and may receive a written counseling; or

- \* If found to be in violation of policies or procedures, we will take appropriate disciplinary action, up to and including termination of your employment or partnership.

The Plaintiff, at page 19 of his complaint, attaches page 3 of what appears to be a longer report from Deborah K. Walker. Ms. Walker appears to be an investigator with the EEOC. This page refers to a surveillance video that allegedly shows the Plaintiff opened the safe and removed the cash drawer and the deposit bag was

---

[1] In any future pleadings the Plaintiff should be careful to leave a **one inch margin** at the bottom of his pleadings. Otherwise, anything written on the bottom inch will be overwritten by the ECF date and time stamps.

visible on top of the drawer. It further states that when he returned into camera view the deposit bag was no longer on top of the cash drawer. It concludes that a few minutes later two other employees found the deposit bag underneath the tray and gave the deposit bag to the Plaintiff. Apparently, he has written in that this is not true.

The report goes on to conclude that the restaurant terminated the Plaintiff since the evidence overwhelmingly indicated that (1) he was in possession of the deposit bag the morning of August 4, 2015, and (2) because he was unable to provide a plausible explanation, he was subsequently terminated.

The Plaintiff then attaches at pages 20 through 23 of his complaint notes in which he lists certain questions he was asked during the polygraph and states that the police department told him he passed.

At page 26 of the complaint the Plaintiff attaches a notarized statement in which he gives his explanation of what he knew about the missing $1,400. He continued to deny that he was responsible for the $1,400 and noted that he felt blessed by God that he was not shot or killed by the police department "when you're a black American male being talked to and I felt harassed."

At page 28 of his complaint he attached what appears to be a police report concerning polygraph test (VSA) and various other VSA tests administered to other individuals. This portion of

the police report does not indicate the results of the Plaintiff's test.

Page 31 of the complaint contains the first page of the incident investigated by Detective Johnny Hunter. The report indicates that there was a discrepancy between the employee, Tarpley, who stated she found a cash deposit on August 4th around 6:00 a.m. below a cash register and turned it over to the Plaintiff and the Plaintiff who denied that he saw a deposit on the 4th and told the detective that Ms. Tarpley found a deposit under a register on the 3rd, rather than the 4th. It was also reported that the security monitor and records for that time period were stolen from the store during the night of August 12th and no forcible entry was discovered.

The Defendants' motion to dismiss (Docket Entry 6) is based on the entire complaint submitted by the Plaintiff. Although they spent a good bit of ink concerning insufficient service of process, they have nevertheless filed a motion to dismiss, which in the interest of judicial efficiency, should be addressed since it has merit.

The Plaintiff filed a response to the motion (Docket Entry 8). The Plaintiff did not file or seek to file an amended complaint. It appears that the matter is ready for decision.

**LEGAL DISCUSSION**

The Defendants have corrected stated the legal standard for review of a motion to dismiss under Rule 12(b)(6). A complaint must contain sufficient factual matters, which when accepted as true, state a claim for relief that is plausible on its face. However, legal conclusions must be supported by factual allegations to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss the Court may consider the complaint and the exhibits attached. *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008). While *pro se* litigants are given considerable leeway in evaluating their complaints they are not exempt from the requirements of the Federal Rules of Civil Procedure and the Court is not required to conjure up questions not squarely presented to them or to conjure up claims not fairly eluded to. *Watkins v. Kajima International Corporation*, 2010 WL 3808293 at *2 (M.D. Tenn. Aug. 5, 2010).

Turning now to the specific legal arguments, given the Magistrate Judge's recommendation on the substantive matters, the Magistrate Judge will not address any claim of insufficient service of process. In the event the report and recommendation as to dismissal is not accepted, it would appear that the Plaintiff should be given a reasonable amount of time to properly serve any remaining Defendant.

## TITLE VII

As an initial matter, the Magistrate Judge believes that any claims against Mr. Ensminger must be dismissed. Other than being named in the caption he is not further mentioned and is not named as a specific Defendant. The only Defendant the Plaintiff names in the complaint as a Defendant is Mr. Dean Mason. It may well be that the Plaintiff intended his complaint to be against SRI, his employer, and used Mr. Ensminger as the individual to be served on behalf of the corporation. However, the Plaintiff does not specifically name the restaurant itself as a defendant in paragraph 3 of his complaint.

The Plaintiff's complaint under Title VII (42 U.S.C. § 2000e(b)) must fail. The law is clear that a supervisor such as Mason or Ensminger is not the employer for Title VII purposes and cannot be held individually liable under the statute. The claim must be against the actual employer, who in this case appears to be SRI. *Watham v. General Electric Co.*, 115 F.3d 400 (6TH Cir. 1997).

## TENNESSEE COMMON LAW CLAIMS

The Defendants argue that any claims under Tennessee common law are barred by the statute of limitations. The Plaintiff in his response did not address the statute of limitations issue. The Magistrate Judge, having reviewed the complaint and the motion, believes that the Defendants are correct and that the Plaintiff's wrongful termination and defamation claims are time-barred. A

wrongful termination claim under Tennessee common law must be filed within one year of termination. *Clark v. Hoops, L.P.*, 709 F. Supp.2d 657, 669 (W.D. Tenn. 2010).

Likewise, defamation by slander must be filed within six months after the words are spoken. When suing for liable, it must be filed within one year after the cause of action occurred. A cause of action in this case would clearly have occurred when the Plaintiff was discharged September 22, 2015. Thus, a claim for slander would be barred if not filed within six months (T.C.A. 28-3-103) and an action for liable would be barred if not filed within one year of the injury and its known source. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Red Wing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 458 (Tenn. 2012). The Plaintiff has not provided any information that could justify equitable estoppel.

It does appear that the Plaintiff filed a charge with the EEOC about his termination, although the date of the filing is not set forth in his pleadings. Nevertheless, the filing of an EEOC charge does not toll the one-year statute of limitations governing Tennessee torts. *Carolyn Conner-Clement v. Trinity Industries, Inc.*, 2009 WL 211141 at *6 (M.D. Tenn. Jan. 28, 2009).

Given what appears to be a clear bar by the statute of limitations the Magistrate Judge will not address the argument that the claims would be insufficient even if the statute of limitations was not a bar.

**BREACH OF CONTRACT**

Turning to the next issue, it appears that the Plaintiff has not submitted a viable claim for breach of contract. The Plaintiff has attached to his complaint at Docket Entry 1, p. 16, the document that he claims is a contract. As an initial matter, the document does not appear to meet the traditional contract standards of an offer and acceptance based on consideration. The document simply states the condition of the Plaintiff's suspension pending an internal investigation. The internal investigation referred to is clearly not a police investigation, but an investigation by the company. The Plaintiff was put on notice that if he was found in violation of company policies or procedures he would be subject to appropriate disciplinary action up to and including termination.

Whether the police department did or did not file charges would be immaterial to any contract between the Plaintiff and SRI.

It is well established that in Tennessee an at-will employee, such as the Plaintiff, has no contractual right to employment and can be terminated "for good cause, bad cause, or no cause at all." *Clanton v. Cain Sloan Company*, 677 S.W.2d 441, 443 (Tenn. 1984). Thus, even if the company was incorrect in its belief that the Plaintiff was responsible for the loss of the deposit, as an at-will employee the Plaintiff could be lawfully terminated.

The only exception would be if the Plaintiff was terminated for reasons prohibited by some other statute such as Title VII.

As noted above, the Plaintiff did not sue SRI, who is his employer. However, even if the Plaintiff had sued SRI, his complaint is still insufficient. The Plaintiff lists discrimination in his complaint at page 2 on the basis of race and sex. However, the Plaintiff gives no actual information in his complaint or in its various attachments that indicate SRI or Mr. Mason made any statements or took any action based on either the Plaintiff's sex or race. There is nothing in the complaint that indicates other employees similarly situated to the Plaintiff, but of a different sex or race, were treated differently. The Plaintiff did not attach to his complaint the charge he filed with the EEOC. The closest the Plaintiff comes to alleging anything about race or sex is at page 26 of his complaint where he thanks God that he was not put in jail for a crime that he did not do and that he felt blessed by God that he was not shot or killed by the police department "where you are a black American male being talked to." These remarks appear to be directed to the conduct of the police detective questioning him, not the SRI employee Mr. Mason. In fact, the last two lines on page 26 state: "Mr. Dean Mason never took any time to talk about any deposits."

While the Plaintiff has alleged discrimination, that is a bare legal conclusion. The Plaintiff has not come forward with any factual allegations to state a plausible claim for relief for discrimination as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss be granted and that all claims be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 3rd day of October, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge