# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PATRICK ROAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01177 |
| ) | Chief Judge Crenshaw |
| DEREK B. ENSMINGER, ) | |
| DEAN MASON ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Patrick Roan worked for Sonic Restaurants, Inc. ("SRI") at an Ashland City, Tennessee store, until he was terminated on September 22, 2015, after he allegedly failed to make a $1,400 bank deposit. Subsequently he filed a form "Complaint Under Title VII of the Civil Rights Act of 1964" (Doc. No. 1) naming "Derek B. Ensminger, Associate General Counsel" of SRI as the sole Defendant in the caption of the Complaint, but listing "Dean Mason" in the body of the Complaint as the only Defendant.

After Ensminger and Mason filed a Motion to Dismiss (Doc. No. 6), Magistrate Judge Brown issued a Report and Recommendation ("R&R") (Doc. No. 9) that recommends the Motion be granted. More specifically, Magistrate Judge Brown found that (1) all claims against Ensminger should be dismissed because no allegations are directed against him in the Complaint; (2) Roan's wrongful termination and defamation claims under state law are time-barred; (3) Roan's contract claim fails because he was an at-will employee; and (4) the discrimination claims fail because Mason (and Ensminger for that matter) cannot be held individually liable under Title VII.

At the conclusion of the R&R, Roan was cautioned that the "[f]ailure to file specific

objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this recommendation." (Doc. No. 9 at 11). In response, Roan filed a "Motion to Add Defendant Sonic Restaurant's, Inc.," which, in pertinent part, reads:

> Dear Judge Crenshaw/Brown, I Patrick Roan am responding to the Recommendation Report. I would like to ask the United States District Court to please grant my motion. Sonic Restaurants, Inc. was part of my termination that took place on September 22, 2015. Also lost wages, wrongful termination, discrimination, race and gender being the only black [A]merican male treated unjust.

(Doc. No. 10 at 1).

To the extent that Roan intends for his Motion to be an objection to the R&R, it is wholly deficient. Under Rule 72 of the Federal Rules of Civil Procedure, "a party may serve and file *specific* written objections to the proposed findings and recommendations," and the Court is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b), (c) (emphasis added); see Vaughn v. DP Packaging, Inc., 17 F. App'x 286, 291 (6th Cir. 2001) ("A litigant who does not file timely, specific objections waives appellate review."); Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (stating that, under 28 U.S.C. § 636(b)(1)(C), litigants are required to file specific objections to an R & R). Nowhere in his Motion does Roan suggest that Magistrate Judge Brown was wrong about the factual allegations he set forth, or the legal conclusions he reached.

Insofar as Roan wants to amend his Complaint to add Sonic, that request could easily be denied. Roan did not move to amend within 21 days after service of the Motion to Dismiss, meaning that the Complaint cannot be amended as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). Instead, the Court, in its discretion, can allow amendment. United States ex rel. Ibanez v. Bristol-Myers Squibb Co., 874 F.3d 905, 918 (6th Cir. 2017).

Roan did not move to amend, even after Defendants specifically argued in their Motion to Dismiss that they were not proper parties for purposes of the Title VII claims. Rather, he waited until after the R & R was entered to file his motion. It is not an abuse of discretion to deny a Motion to Amend that comes after the filing of an R & R, particularly where there has been undue delay. Barnes v. Dunn, 948 F.2d 1288, 1991 WL 243553, at *2 (6th Cir. Nov. 21, 1991); see Berry v. Bryson, No. 5:17-CV-39, 2017 WL 4782660, at *1 (S.D. Ga. Oct. 23, 2017) (noting that a motion to amend pleadings "is not responsive to" an R & R); Moses v. Residential Credit Sols., Inc., No. 1:12-CV-2142-RWS, 2013 WL 12107776, at *1 (N.D. Ga. Mar. 26, 2013) (denying leave to amend after filing of R & R where plaintiff offered no excuse for delay in filing).

Furthermore, in moving to amend, Roan did not attach a proposed amended complaint or otherwise provide a factual basis for his claim against Sonic. "Normally, a party seeking an amendment should attach a copy of the amended complaint." Kuyat v. BioMimetic Therapeutics, Inc., 747 F.3d 435, 444 (6th Cir. 2014). In its absence, the motion is "acceptable so long as it puts the opposing party on notice of the content of the amendment." Shillman v. United States, 221 F.3d 1336 (6th Cir. 2000) (quoting Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir.1993)).

Roan's Motion falls far short of providing notice of his proposed amendment. All it does is suggest a faulty syllogism: he is a black male; he was terminated by Sonic; thus, Sonic committed race and sex discrimination.

Roan's original Complaint does not provide any better notice of the nature of his Title VII claim against Sonic. In this regard, Magistrate Judge Brown correctly observed:

> [E]ven if the Plaintiff had sued [Sonic], his complaint is still insufficient. The Plaintiff lists discrimination in his complaint at page 2 on the basis of race and sex. However, the Plaintiff gives no actual information in his complaint or in its various attachments that indicate [Sonic] or Mr. Mason made any statements or took any

3

> action based on either the Plaintiff's sex or race. There is nothing in the complaint that indicates other employees similarly situated to the Plaintiff, but of a different sex or race, were treated differently. The Plaintiff did not attach to his complaint the charge he filed with the EEOC. The closest the Plaintiff comes to alleging anything about race or sex is at page 26 of his complaint where he thanks God that he was not put in jail for a crime that he did not do and that he felt blessed by God that he was not shot or killed by the police department "where you are a black American male being talked to." These remarks appear to be directed to the conduct of the police detective questioning him, not the SRI employee Mr. Mason. In fact, the last two lines on page 26 state: "Mr. Dean Mason never took any time to talk about any deposits."

(Doc. No. 9 at 10). As Magistrate Judge Brown also correctly observed, "Plaintiff has alleged discrimination, [but] that is a bare legal conclusion." (Id. at 11).

The pleading standard found in Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" but it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' . . . will not do." Id. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

While a plaintiff bringing a discrimination case need not allege each and every element of a *prima facie* case, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), he or she must "provide 'an adequate factual basis' for a discrimination claim" and "allege sufficient 'factual content' from which a court could 'draw the reasonable inference' of racial discrimination." James v. Hampton, 592 F. App'x 449, 460–61 (6th Cir. 2015); accord Lindsay v. Yates, 498 F.3d 434, 439 (6th Cir. 2007)). The only thing the Court can draw from Roan's filings at this point is that he is a black man who was fired after a bank deposit was not made. As a matter of law, and in the absence of any allegation that his race or gender played any role in his termination, this is simply insufficient to

4

plead a discrimination claim. Cf. Swierkiewicz, 534 U.S. at 514 (holding that the plaintiff stated national-origin and age-discrimination claims where he "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination"); Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) (discrimination adequately pled where plaintiff alleged (1) defendant "had a pattern or practice of discrimination against African American managers and professional staff in hiring, compensation, promotion, discipline, and termination"; (2) "detail[ed] several specific events in each of those employment-action categories where [plaintiff] alleges she was treated differently than her Caucasian management counterparts"; (3) "identifie[d] the key supervisors and other relevant persons by race and either name or company title"; and (4) alleged that plaintiff and "other African Americans received specific adverse employment actions notwithstanding satisfactory employment performances"); Lindsay, 498 F.3d at 440 (finding housing discrimination claim adequately pled where (1) plaintiffs set forth the statutory bases for their claims and alleged that defendants advertised their house for sale; (2) plaintiffs executed a purchase agreement and deposited $500 in earnest money; and (3) one day after defendants learned plaintiff were black, they terminated the contract).

Even though "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading," Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (citation omitted), reading Roan's filings liberally in accordance with Haines v. Kerner, 404 U.S. 519, 520 (1972), it could very well be that he can allege a plausible claim against Sonic for race or sex discrimination. Accordingly, and because "the court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), Roan will be given one final opportunity to amend his Complaint and to

5

effectuate proper service on Sonic. In amending his Complaint, Roan should recognize by now that simply saying Sonic did wrong is not enough to state a claim. He must articulate facts that, if true, suggest he was subjected to race or sex discrimination, something along the lines of the cases listed above where the facts alleged a link between the plaintiff's protected class and the adverse action.

In deciding to allow Roan to amend his complaint, the Court has considered Defendants' assertion that any amendment would be futile because more than 90 days ran between the time Roan received a Right to Sue Letter from the Equal Employment Opportunity Commission and the time he filed his Motion to Amend. However, "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [Roan] knew or should have known the identity of [Sonic] as the proper defendant, but whether [Sonic] knew or should have known that it would have been named as a defendant but for an error." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010). In other words, "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." Id. Here, Ensminger was identified in the caption of the Title VII Complaint as the "Associate General Counsel" of Sonic, and Mason was identified in the body of the Complaint as Roan's supervisor at Sonic, making in likely that Sonic knew (or should have known) that it would have been named as a defendant but for Roan's misunderstanding of the proper party to be named.

Accordingly, the Court rules as follows:

(1) The R & R (Doc. No. 9) is **ADOPTED** and **APPROVED** insofar as it recommends dismissal of all claims against Ensminger and Mason. Those Defendants are **DISMISSED WITH PREJUDICE**.

(2) The R & R is also **ADOPTED** and **APPROVED** insofar as it recommends that Roan's

state-law wrongful termination, breach of contract, and defamation claims be dismissed. Those claims are **DISMISSED WITH PREJUDICE**.

(3) Roan's Motion to Add Defendant (Doc. No. 10) is **GRANTED**, provided, however, that (a) within fourteen (14) days or receipt of this Memorandum Opinion and Order, he **FILES** an Amended Complaint that names Sonic as a Defendant and states a plausible claim against that Defendant as required by Rule 8 of the Federal Rules of Civil Procedure; and, (2) within forty-five (45) days of this Memorandum Opinion and Order, he effectuates proper service in accordance with Rule 4 of the Federal Rules of Civil Procedure on that Defendant. Roan is **FOREWARNED** that the failure to meet either of the foregoing requirements will result in dismissal of this action with prejudice.

This matter is returned to Magistrate Judge Brown for further pretrial case management and for a recommendation on any Motions filed in regard to whether Roan has filed a sufficient Amended Complaint and/or effectuated proper service.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE