# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK ROAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:17-01177 |
| | ) | Chief Judge Crenshaw/Brown |
| DEREK B. ENSMINGER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge**.

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: **1)** defendant's motion to dismiss (Doc. 16) plaintiff's amended complaint (Doc. 13) be **GRANTED**; **2)** this action be **DISMISSED WITH PREJUDICE**; **3)** acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action.

## I. STATEMENT OF THE CASE

Plaintiff brought this *pro se* action on August 22, 2017 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Doc. 1) Plaintiff named Derek Ensminger, Associate General Counsel for Sonic Restaurants, Inc. (hereinafter SRI, Sonic Restaurants Inc., Sonic Restaurants, Sonic Drive In Restaurants), and Dean Mason, SRI District Manager, as the original defendants to this action.

Defendants Ensminger and Mason filed a motion to dismiss on September 14, 2017 under Fed.R.Civ.P. 12(b)(1), 12(b)(5), and 12(b)(6) for failure to state a claim, insufficient service of process, and for want of personal jurisdiction. (Doc. 6) This action was then referred to the undersigned to:

> enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)A) and (B), and to conduct such further proceedings, if

necessary, under Rule 72(b), Fed.R.Civ.P. and the Local Rules of Court.

(Doc. 7)

Plaintiff filed a response to the original defendants' motion to dismiss on September 18, 2017. (Doc. 8) Thereafter, the undersigned entered a R&R on October 3, 2017 recommending that defendants' "motion to dismiss . . . be granted and this case be dismissed with prejudice for failure to state a cause of action." (Doc. 9)

On February 15, 2018, the District Judge entered a Memorandum Opinion and Order adopting and approving the R&R insofar as it recommended dismissing with prejudice all claims against defendants Ensminger and Mason, and dismissing with prejudice all plaintiff's state law claims. (Doc. 12, pp. 6-7) However, the District Judge permitted plaintiff to add SRI as a defendant, and to file an amended complaint. (Doc. 12, p. 7) The case was then returned to the undersigned for further proceedings. (Doc. 12, p. 7)

Plaintiff filed an amended complaint on February 21, 2008 (Doc. 13) naming both SRI and Mason as defendants, following which SRI filed a motion to dismiss on March 7, 2018 for failure to state a claim under Rule 12(b)(6) (Doc. 16), *i.e.*, for failure to provide any factual allegations to support his claims of race and sex discrimination. Plaintiff filed a response on March 12, 2018. (Doc. 17) SRI did not reply. This matter is now properly before the court.

## II. FACTUAL BACKGROUND

Plaintiff was an assistant manager at the Sonic Drive-In restaurant in Ashland City, Tennessee (Sonic) at the time of the alleged events in August 2015 that gave rise to this action. (Doc. 10, p. 6 of 34; Doc. 13, p. 3 of 22)[1] Plaintiff asserts that Mason approached him on August

---

[1] Plaintiff has not complied with Local Rule LR7.03 which requires that "All pleadings . . . presented for filing . . . be numbered at the bottom . . . ." The page numbers in the amended complaint (Doc. 13) referred to herein are to the page numbers assigned by the court's CMECF system.

11, 2015 concerning a deposit that had been "missing for about 5 days before anyone knew." (Doc. 13, pp. 3, 21 of 22) When plaintiff replied that he had not seen the money, Mason allegedly told plaintiff that he was "going to the [p]olice [d]epartment to see his friend . . . Johnny Hunter." (Doc. 13, p. 3 of 22)

Plaintiff avers that Detective Johnny Hunter of the Ashland City Police Department (hereinafter the Police Department) went to his house "later that evening," "left a card with his name on it," and asked plaintiff "to call" him. (Doc. 13, pp. 3, 11-12 of 22) Plaintiff asserts that he telephoned Detective Hunter, and that the latter told plaintiff that he "had some questions" he needed to ask him. (Doc. 13, p. 3 of 22) Plaintiff asserts that he went to the police department the "next day," *i.e.*, on August 12, 2015, answered Detective Hunter's questions, and then went back to work. (Doc. 13, p. 3 of 22) Plaintiff asserts further that he subsequently was "sent home on August 17, 2015" by Mason who informed him that he was "under investigation for a missing deposit." (Doc. 13, p. 6 of 22) Plaintiff alleges that he received "a disciplinary action of missing fund[s]," and was terminated on September 22, 2015. (Doc. 10, p. 1 of 34)

Plaintiff claims that he was "the only Black [A]merican and Black [A]merican male" employed at Sonic at the time. (Doc. 13, p. 3 of 22) Plaintiff alleges that SRI "picked [him] out" for blame without any evidence or probable cause, and that the "Caucasian" managers at Sonic "were not pulled to the court house," *i.e.*, they were not required to go to the police station (Doc. 13, p. 3 of 22), whereas plaintiff maintains that he went "about 4 times" (Doc. 1, p. 5 of 35).

The amended complaint is far from a model of clarity. However, plaintiff has attached two pages of a six-page police report captioned "Incident # 2015-0702" (hereinafter the Incident Report) that help fill in some of the many gaps in the amended complaint.[2] To that end, the Incident Report

---

[2] Plaintiff attached the same two pages to his original complaint. (Doc. 1, pp. 28, 31 of 35) In considering a motion to dismiss under Rule 12(b)(6), the court "may consider the complaint and any exhibits attached thereto. . . .

3

reflects that Mason reported "a deposit theft amounting to $1446.00 from his Ashland City Sonic" to the Police Department, apparently on August 11th. (Doc. 13, p. 21 of 22) The initial report filed by Mason reflects that Assistant Manager Pat Gunter "prepared the stores deposit" at 12:08 a.m. on August 4, 2015, and placed it in the cash drawer in the safe, but that Shanika Tarpley who "arrived at work on August 4th at approximately 5:45 [a.m.]," "discovered the cash deposit . . . at approximately [6:00 a.m.] below register # 8 and turned it over" to plaintiff. The Incident Report reflects that plaintiff told Mason "he never saw the deposit," even though a review of the security video tape showed that he "did in fact remove the deposit from the safe on the morning of the 4th." (Doc. 13, p. 21 of 22)

The Incident Report reflects that plaintiff went to the Police Department at 10:30 a.m. on the morning of August 12, 2015. According to the Incident Report, plaintiff gave a taped statement in which he said that he "remove[d] the register tray from the safe but did not see the deposit." (Doc. 13, p. 21 of 22) Plaintiff also stated that Shanika Tarpley was mistaken about the date, and that the events to which she referred actually occurred on August 3rd and not the 4th. The entry ended with the following statement by Detective Hunter: "I requested that Mr. Mason make [m]e a copy of the [security video] tape. Once I have the tape, Mr. Roan will be reinterviewed." (Doc. 13, p. 21 of 22)

The next entry in the Incident Report reads, "Security monitor and record was stolen from the store." (Doc. 13, p. 21 of 22) The Incident Report notes subsequently that the video camera system was stolen "some time during the night of 8/12/2015 and [the] morning [of] 8[/]13/2015 while [the] business was closed," that someone "entered the store and stole the video camera system," and that "[n]o forcible entry was discovered." (Doc. 13, p. 21 of 22)

---

[and] . . . items appearing in the record of the case . . . ." *Bassett v. Nat's Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2018)(citation omitted). The Incident Report pertains to the events that gave rise to this action. Therefore, the undersigned will refer to the Incident Report to the extent that it is relevant and necessary to provide clarity to the matter before the court.

The Incident Report shows next that plaintiff took a lie detector test (VSA) on August 17, 2015, following which he was interviewed again on tape. (Doc. 13, p. 18 of 22) Plaintiff again "denied involvement in the stolen deposit even after showing him a surveillance photo with [it] in his hand and Tuesday's date on the photo." Plaintiff again claimed that "the camera's date was incorrect." (Doc. 13, p. 18 of 22) Plaintiff also was "ask[ed] about the video system being taken some time the night after he was interviewed," to which he replied that "the monitor was missing when he arrived on 8/14/201[5] . . . [and that] . . . the delivery man was in the store when arrived that morning." (Doc. 13, p. 18 of 22)

The Incident Report shows that Shanika Tarpley, Jason Schaeffer, and April Campbell voluntarily took the VSA test on September 14, 21, and 22, 2015 respectively. (Doc. 13, p. 18 of 22) The last entry on the these two pages of the Incident Report dated 2/17/16 read, "Inactive pending further investigation." (Doc. 13, p. 18 of 22)

### III. ANALYSIS

### A. STANDARD OF REVIEW

#### 1. Motion to Dismiss

In assessing a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation marks and citation omitted). A complaint must provide "more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The courts are not required to accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atl. Corp.*, 550 U.S. at 555.

5

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2))(internal citation omitted).

### 2. Actions Brought Under Title VII

Title VII prohibits an employer from discriminating against any individual with respect to h[is] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1), (m); *see University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 342, 347 (2013). To establish a *prima facie* case under Title VII, plaintiff must show that he was: 1) member of a protected group; 2) subject to an adverse employment action; 3) qualified for the position; 4) replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably. Civil Rights Act of 1964 § 701 et seq., 42 U.S.C. § 2000e *et seq*. "For a sex discrimination claim, the fourth factor is limited to the plaintiff being 'treated differently than similarly-situated [] employees [of the opposite gender].'" *Golden v. Mirabile Investment Corp.*, 724 Fed.Appx. 441, 447 (6th Cir. 2018)(citing *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 928-29 (6th Cir. 1999)(brackets in the original)).

### B. Plaintiff's Amended Complaint

Plaintiff identifies SRI as a defendant in the style of the case of the amended complaint. (Doc. 13, p. 1 of 22) Plaintiff also identifies Mason as a defendant in the body of his amended complaint. (Doc. 13, ¶ 3, p. 1 of 22) The amended complaint reflects that Mason is the only defendant to this action. (Doc. 13, ¶ 3, p. 2 of 22) Although the District Judge previously dismissed this action against Mason with prejudice, the undersigned liberally construes plaintiff's amended complaint to name both SRI and Mason as defendants.

6

The factual allegations in the amended complaint are quoted below in their entirety because the full body of the text is relevant to SRI's motion to dismiss:

> I Patrick Roan was terminated by Sonic Restaurants Inc. I was told that I had mishandled funds. [B]efore being terminated I sat at home for 34 days with no pay and had no charges from Ashland City Police Department where Mr. Dean Mason went to his friend Mr. Johnny Hunter. **I was treated unfair[ly] based on my race/gender by Mr. Mason and Sonic Restaurants.** When they went to the police department there was not a probable cause . . . no video, no camera so **I was stereotyped by Mr. Dean Mason and SRI**.
>
> . . .
>
> **I was the only Black American and Black American male at [the] Sonic Drive In.** There was a deposit that was missing for about 5 days before anyone knew. Mr. Dean Mason came directly to me asking if I had seen the money. I responds . . . no, sir. Then he replied that he was going to the police department to see his friend Mr. Johnny Hunter. Later that evening Mr. Hunter came to my house and left a card with his name on it, asking me to call. I did and he said that he had some questions for me, and needed to see me. The next day I went to the office for questions and went back to work. **No other managers were pulled to the court house but I Patrick Roan. Other[] manager[s] Pam Carter, Jason, Patrick . . . Maternowski, April Campbell and they are all [C]aucasian. But Mr. Mason and SRI picked me out with no 'evidence.'**

(Doc. 13, ¶¶ 8.e and 9, p. 3 of 22)(bold added, unnecessary capitalization omitted) Plaintiff also attached 3 additional hand written pages to the amended complaint that the undersigned liberally construes to supplement the foregoing. The three pages are quoted below:

> I Patrick Roan is filing a lawsuit against Sonic Restaurants Inc. **I was face[d] with discrimination** and went through a[n] investigation by Ashland City Police Department where I was found 'not guilty' and had not been charged with any problems. I was sent home on August 17[,] 2015 at 3:30 AM where Mr. Dean [Mason] was at the Sonic Drive In waiting on me to arrive. Mr. Dean Mason took my time card and keys out of my hands and told me that I was under investigation for a missing deposit that he seen . . . and was missing. Mr. Dean Mason told me that I would hear from Mrs. Nancy Welch from Human Resources which I never did, until I called her after I

> was released by Ashland City Police Department. It still took 16 days for Mrs. Nancy Welch to respond. After the investigation I was asked by Mr. Hunter the detective who I thought would do this to me. I responded I didn't know.
>
> . . .
>
> I have been a employee of Sonic Drive In of Ashland City TN from 1995 Sept until 2015 of Sept. In my paperwork, you sill see where I went to the bank o[n] August the 3rd 2015 because Shanika Tarpley found a deposit under Tray 8 around 6:45 AM. When Mr. John Matnowerski [*sic*] came to work that morning around 9 AM he told me when I left to go home to take the deposit to the bank and have it counted. I did just that and April Campbell signed it off when I returned, but instead of putting my name Patrick Roan took it, she put Patrick Gunter.
>
> . . .
>
> **Sonic Drive In Restaurants allowed Mr. Dean Mason to treat me unjust[ly] and unfair[ly]**. They allow[ed] Mr. Mason to go to the Police Department to have me investigated. When I was found not guilty because Sonic Restaurants couldn't [find] any inappropriate behavior that they had told the Police that I was engaged in . . . then they left me at home without pay for 34 days then gave a disciplinary action of missing fund[s]. **No one else went through what I did.** Ashland City Police Department closed the case because they had no suspect. Mr Mason and Sonic Restaurants was trying to put a 'crime' on I Patrick Roan that I didn't commit[].

(Doc. 13, pp. 6-7, 22 of 22)( bold added, unnecessary capitalization omitted)

### 1. Defendant Mason

The District Judge dismissed plaintiff's complaint against Mason with prejudice in his February 15, 2018 Memorandum Opinion and Order. (Doc. 12, p. 6) Plaintiff did not file a motion to reconsider the District Judge's ruling regarding Mason, nor is there anything in plaintiff's motion to add SRI as a defendant (Doc. 10), his amended complaint (Doc. 13), or his response to Sonic's motion to dismiss (Doc. 17) that can be construed as a request for the court to reconsider its prior decision as to Mason. Plaintiff's apparent effort to include Mason as a defendant in his amended complaint should be denied as moot.

## 2. Defendant SRI

### a. Plaintiff's Gender Discrimination Claim

As noted bold above at p. 7, plaintiff asserts the following with respect to his gender discrimination claim: 1) "I was treated unfair[ly] based on my . . . gender . . . by . . . Sonic Restaurants"; 2) "I was the only . . . Black American male at [the] Sonic Drive In." Although the following statements in the amended complaint do not allege gender discrimination directly, the undersigned liberally construes the following to do so indirectly: 3) "I was face[d] with discrimination"; 4) "Sonic Drive In allowed Mr. Dean Mason to treat me unjust[ly] and unfair[ly]"; 5) "Sonic Drive In Restaurants allowed . . . Mason to treat me unjust[ly] and unfair[ly]; 6) "No one else went through what I did." The amended complaint makes no further reference to gender discrimination, no direct or inferential gender related supporting arguments can be liberally construed from the remainder of the text quoted above at pp. 7-8, *i.e.*, from the text in between the text in bold, nor can either be educed from plaintiff's response to SRI's motion to dismiss.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to "abrogate basic pleading essentials in *pro se* suits," *see Clark v. Johnston*, 413 Fed.Appx. 804, 817 (6th Cir. 2011)(quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990)). "[M]ore than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008)(citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). A "complaint must . . . 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir.2007)). Moreover, the less stringent standard for *pro se* plaintiffs also do not "require [a] court to conjure

up unpled allegations." *Porter v. Genovese*, 676 Fed.Appx. 428, 440 (6th Cir. 2017)(citing *Wells*, 891 F.2d at 594). Simply put, conclusory claims are subject to dismissal. *See Ashcroft*, 556 U.S. at 678; *Bell Atl. Corp.*, 550 U.S. at 555; *Erie County, Ohio v. Morton Salt, Inc.* 702 F.3d 860, 867 (6th Cir. 2012).

Plaintiff's gender discrimination claim comprises the six naked claims quoted above at p. 9. These claims are unsupported by any argument, reference to the record, or citations to relevant authority. In other words, plaintiff's gender discrimination claim is conclusory. Accordingly, SRI's motion to dismiss plaintiff's gender discrimination claim should be granted because plaintiff fails to state a claim on which relief may be granted.

### B. Plaintiff's Race Discrimination Claim

As noted bold above at p. 7, plaintiff asserts the following pertaining to his race discrimination claim: 1) "I was treated unfair[ly] based on my race . . . by . . . Sonic Restaurants"; 2) "I was stereotyped by . . . SRI"; 3) "I was the only Black American . . . at [the] Sonic Drive In"; 4) "No other managers were pulled to the court house but I . . . and they are all Caucasian." Although the following statements above at pp. 7-8 do not allege race discrimination directly, the undersigned again liberally construes the following to do so indirectly: 5) "I was face[d] with discrimination"; 6) "Sonic Drive In allowed Mr. Dean Mason to treat me unjust[ly] and unfair[ly]"; 7) "No one else went through what I did." The amended complaint makes no further reference to race discrimination, no direct or inferential race related supporting arguments can be liberally construed from the remainder of the text quoted above at pp. 7-8, *i.e.*, from the text in between the text in bold, nor can any race related claims be educed from plaintiff's response to SRI's motion to dismiss.

Plaintiff's race discrimination claim comprises the seven claims enumerated in the paragraph above. Those enumerated 1) through 3) and 5) through 7), whether standing alone or read together,

once again amount to nothing more than naked claims unsupported by any argument, reference to the record, or citations to relevant authority. Consequently, these claims are conclusory for reasons previously explained.

Turning to 4) on the preceding page, it too is conclusory standing alone. However, when read in the broader context of plaintiff's race discrimination claim, it stands as the lone factual allegation in the entire amended complaint. However, the allegation does not stand up to scrutiny. As noted above at p. 7, plaintiff named four "Caucasian" managers who allegedly were treated differently than he because they were not required to go to the police station. However, the Incident Report shows that Jason Schaeffer and April Campbell, two of the "Caucasian" managers to whom plaintiff refers, took a "lie detector test" at the police station on September 21 and 22, 2015 respectively. (Doc. 13, p. 18 of 22) Because Schaeffer and Campbell took the VSA test, plaintiff cannot show that he was treated differently from his fellow managers who "[we]re all Caucasian." Moreover, it also makes no difference that Schaeffer and Campbell took the VSA test voluntarily. First, plaintiff was not required to take the VSA test; he too took it voluntarily. Second, absent any argument to the contrary, who was hailed to the police station, and who was not, was a decision that rested with the police department – not SRI. In other words, under the facts alleged, plaintiff fails to satisfy the fourth part of the four-part test to necessary to make a *prima facie* showing of race discrimination under Title VII.

For the reasons explained above, the amended complaint fails to state a claim of race discrimination claim upon which relief may be granted. Accordingly, SRI's motion to dismiss plaintiff's race discrimination claim should be granted.

### V. CONCLUSION AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained above that: **1)** defendant's

motion to dismiss (Doc. 15) plaintiff's amended complaint (Doc. 13) be **GRANTED**; **2)** this action be **DISMISSED WITH PREJUDICE**; **3)** acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 11th day of July, 2018.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge