# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK ROAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-01177 |
| | ) | Chief Judge Crenshaw |
| DEREK B. ENSMINGER and | ) | |
| DEAN MASON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On February 12, 2018, the Court issued a Memorandum Opinion and Order (Doc. No. 12) adopting and approving a Report and Recommendation (Doc. No. 9), except to the extent that the Magistrate Judge recommended dismissal of Patrick Roan's discrimination claims against Sonic Restaurants, Inc. Though a close call, the Court deferred to Roan's *pro se* status and allowed him "one final opportunity to amend his Complaint" to state a viable claim that he was subjected to race and/or sex discrimination when he was fired as an Assistant Manager after a $1,440 bank deposit went missing. (Doc. No. 12 at 5).

While declining to dismiss the Complaint against Sonic at that time, the Court noted that the Complaint was grounded "on a faulty syllogism: he is a black male; he was terminated by Sonic; thus, Sonic committed race and sex discrimination." (Doc. No. 12 at 3). The Court also pointed out: (1) Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; (2) "[a] pleading that offers 'labels and conclusions' . . . will not do"; and (3) "'naked assertion[s]' devoid of 'further factual enhancement'"

1

are insufficient to state a claim. (Id. at 2, 4) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Court concluded by observing that, "[i]n amending his Complaint, Roan should recognize by now that simply saying Sonic did wrong is not enough to state a claim. He must articulate facts that, if true, suggest he was subjected to race or sex discrimination," and suggest "a link between the plaintiff's protected class and the adverse action." (Id. at 6). The Court then cited and described several cases where the allegations were sufficient to allege a discrimination case.

Roan filed an Amended Complaint, but did not follow this Court's suggestions. Like the original, the Amended Complaint is long on conclusory allegations but short on supporting facts that would show any discriminatory link between either his sex or race. Without more, stating that he was "the only Black American and Black American male at [the] Sonic Drive in," that he was "stereotyped" and "treated unfairly based on my race/gender" by Sonic (Doc. No. 13 at 3, 6, 7) is not sufficient. The only "more" Roan adds are the assertions that (1) he did not steal the $1,440 deposit; (2) he was placed on leave without pay for 34 days and ultimately terminated; and (3) his co-workers did not suffer the same indignities after the money went missing. The Magistrate Judge found the allegations in the Amended Complaint insufficient and entered a second Report and Recommendation (Doc. No. 22) recommending that Sonic's Motion to Dismiss be granted. Having conducted the *de novo* review required by Rule 78 of the Federal Rules of Civil Procedure, the Court agrees with the Magistrate Judge's underlying rationale, and his recommended disposition of this case.

As a preliminary matter, there is nothing unlawful with an employer reporting a theft or suspending and then firing an employee suspected of theft. Britton v. City of Poplar Bluff, 244 F.3d

994, 996 (8th Cir. 2001); Stalter v. Wal-Mart Stores, Inc., 195 F.3d 285, 289 (7th Cir. 1999); Maldonado v. Mattress Direct, Inc., No. CIV.A. 13-6773, 2015 WL 1415735, at *7 (E.D. La. Mar. 27, 2015); Jones v. Giant Foods, Inc., No. Civ. JFM-00-3469, 2000 WL 1835393, at *2 (D. Md. Nov. 27, 2000). What is unlawful under Title VII is for the employer to treat an employee more favorably than another employee based upon race, gender, or another protected class. Indeed, the fourth element of a *prima facie* case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) requires a link suggesting discriminatory differential treatment. Dodd v. Donahoe, 715 F.3d 151, 156 (6th Cir. 2013); Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010); Peltier v. United States, 388 F.3d 984, 987 (6th Cir. 2004).

The allegations in the Amended Complaint, which must be accepted as true for present purposes, Twombly, 550 U.S. at 555, eviscerate any link between his protected status and his termination from Sonic. As a part of his Amended Complaint, Roan chose to include portions of the police reports relating to the alleged theft. Those reports coupled with his own allegations show the following.

On August 11, 2015, Sonic District Manager Dean Mason went to the Ashland City Police Department to report the theft of the deposit. Mason told Detective Johnny Hunter that the August 4, 2015 deposit had been prepared by Assistant Manager Pat Gunter, and placed in the restaurant's safe at 12:08 a.m. for deposit by Roan later that morning. Mason also told Detective Hunter that the store's videotapes showed Roan taking the deposit from the safe. Shanika Tarpley, an employee in the store, claims that she later found the deposit under a cash register and gave it to Roan to deposit. The deposit was not made.

Roan was summoned to the police station on August 12, 2015, and gave a taped statement

in which he claimed that he did not open the store on the morning of the alleged theft. He also denied seeing the deposit, claiming Mason and Tarpley must have been mistaken about the day.

The same day as Roan's interview, Detective Hudson asked Mason for a copy of the tape. However, later that night, or early the next morning, both the security monitor and the recording were stolen from the store. There was no indication of forced entry, suggesting that it was an inside job.

Roan agreed to take a lie detector test on August 16, 2016, but called the police station 30 minutes beforehand asking that it be rescheduled because he "was to [sic] nervous." (Doc. No. 13 at 19). The next day, Roan took a lie detector test that he claims to have "passed." (Id. at 15). After the test, Roan was again interviewed and again denied taking the money. When presented with a time-stamped picture captured from the now-missing video that showed him taking the deposit out the safe, Roan claimed that the time stamp on the photo must be wrong. When asked about the video and monitor, Roan admitted noticing that the monitor was not present when he arrived to work on August 14, 2015, but he did not immediately report the apparent theft.

Tarpley and two other Sonic employees, Jason Schaeffer and April Campbell, also volunteered to take lie detector tests regarding the incidents at Sonic. All were found to not have been deceptive in their responses to the questions asked.

On September 22, 2015, Roan's employment was terminated. The reasons were set forth in a "Counseling Form" as follows:

> On Tuesday, August 4th you were the opening manager responsible for the bank deposit secured in the safe. This deposit was never received by the bank. According to [Sonic's] investigation, you had possession of this deposit and failed to comply with [Sonic] Bank Deposit and Cash Handling Policy, resulting in missing deposits or funds, which is an A-4 violation under [Sonic's] Progressive Disciplinary Matrix. As a result [Sonic] is terminating your employment.

4

(Doc. No. 23 at 10).

In his Objections (Doc. No. 23), Roan claims that he was treated differently than his co-workers because he, too, passed a lie detector test but, unlike Tarpley, Shaeffer, and Campbell, he was sent home and not allowed to return to work. It is true, that an inference of discrimination may arise where other employees are treated differently, but to raise the inference, there must be some showing that the coworkers were "similarly situated," meaning that they had the same supervisor, were governed by the same standards of conduct, and had committed the same violations without any differentiating or mitigating circumstances that would merit different treatment. Williams v. AT&T Mobility Servs. LLC, 847 F.3d 384, 398 (6th Cir. 2017); Smith v. Leggett Wire Co., 220 F.3d 752, 762 (6th Cir. 2000). Roan's Amended Complaint does not claim that he, Tarpley, Shaeffer, and Campbell were similar in "all of the relevant aspects." Smith, 220 F.3d at 762. To the contrary, the incorporated police reports indicate that Roan was captured on film with the deposit in his hand, and it was his responsibility to make the morning deposit. No such allegations are made in relation to Tarpley, Shaeffer, or Campbell.

Also in his Objections, Roan attaches a statement in which he claims that Sonic has yet to "substantiate[] any footage to support [its] claim. Video needs to show I plaintiff entering the building until Shanika Tarpley hands the deposit bag to me." (Doc. No. 23 at 9). Such evidence might be helpful, even necessary, to secure a criminal conviction, but that is not an issue for the Court to decide. Rather, on a Motion to Dismiss "there must also be enough 'factual enhancement' to 'nudge [the] claim[ ] across the line from conceivable to plausible.'" Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 444 (6th Cir. 2012) (quoting Twombly, 550 U.S. at 557). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief."

Iqbal, 556 U.S. 662, 678 .

As this Court pointed out in its prior opinion, even though a plaintiff bringing a discrimination case need not allege each and every element of a *prima facie* case, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), he or she must "provide 'an adequate factual basis' for a discrimination claim" and "allege sufficient 'factual content' from which a court could 'draw the reasonable inference' of racial [or sexual] discrimination." James v. Hampton, 592 F. App'x 449, 460–61 (6th Cir. 2015); accord Lindsay v. Yates, 498 F.3d 434, 439 (6th Cir. 2007)). Just as before, Roan's allegations fail to provide facts from which it can be reasonably inferred that he was suspended and ultimately terminated based on his race or gender.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Doc. No. 22) is **ADOPTED** and **APPROVED**;

(2) Sonic Restaurant Inc.'s Motion to Dismiss (Doc. No. 16) is **GRANTED**; and

(3) This case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE